### CULJAK et al. v. WEBB et al.

### No. 10748.

Circuit Court of Appeals, Ninth Circuit.

Nov. 28, 1944.

Frank J. Barry, of Los Angeles, Cal., and Conner & Jones and Gerald Jones, all of Tucson, Ariz., for appellants.

Frank E. Flynn, U. S. Atty., of Phoenix, Ariz., and John P. Dougherty, Asst. U. S. Atty., of Tucson, Ariz., for appellees.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

In December 1940 appellants leased to appellees a trenching machine for use in the digging of trenches for sewer and water lines at Fort Huachuca, Arizona. For convenience we shall refer to the parties as lessor and lessee. On completion of the job, in April of 1941, the machine was returned to the lessor. The latter sued to recover on account of expenses incurred in the making of repairs and for alleged loss of time in the use of the machine. A trial to the court eventuated in a judgment denying recovery.

The written contract between the parties provided that "all necessary minor or field repairs to equipment shall be made by the lessee without cost to the lessor. Other than minor or field repairs shall be made by the lessor without cost to the lessee." The dispute is whether the repairs made by the lessor, the cost of which he now seeks to saddle on the lessee, were "minor or field repairs" or whether they were of a character agreed to be made by the lessor himself.

The record shows that the machine was an old one at the time it was leased, although it had not been subjected to much use. The court found that during the time it was being operated at Fort Huachuca the lessee expended sums in excess of $4,200 for parts and labor in the making of all

 

minor field repairs requisite to keep the machine in running condition. It found that upon the return of the machine, the lessor, without making any further repairs, operated it over a period of about four months in the doing of various sewer jobs. The repairs in question, thereafter made by the lessor, were found to be of a major character. The court concluded that in respect of his duty to make repairs the lessee had complied with the requirements of his contract.

The findings and conclusion are assailed as wrong, but we see no clear error in them. They have ample support in the record.

Affirmed.